1  H. CHRISTIAN L'ORANGE (State Bar No. 71730)
2  S. FEY EPLING (State Bar No. 190025)
   DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, California 94105-2235
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510
   E-mail: christian.lorange@dbr.com
5  E-mail: fey.epling@dbr.com

6  Attorneys for Defendant
   AXA EQUITABLE LIFE INSURANCE COMPANY
7

8              UNITED STATES DISTRICT COURT OF CALIFORNIA

9                          SOUTHERN DIVISION

10

11  AXA EQUITABLE LIFE INSURANCE          Case No. 08-CV-498 H LSP
    COMPANY,
12
                    Plaintiff,            **WAIVER OF SUMMONS**
13
14         v.

15  H. THOMAS MORAN, II, Court-
    Appointed Receiver of LYDIA CAPITAL,
16  LLC and GEORGE WILLIAMSON as
    Trustee of RW AXA, LLC,
17
                    Defendants.
18
19
20
21
22
23
24
25
26
27
28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

# WAIVER OF SERVICE OF SUMMONS

TO: Fey Epling
   (NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, acknowledge receipt of your request that I waive service of a summons in the action of

AXA Equitable v. H. Thomas Moran , which is case number    08 CV 498 H LSP

in the United States District Court for the    Southern    District of

California    . I have also received a copy of the complaint in the
action, two copies of this instrument, and a means by which I can return the signed waiver to you
without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in
this lawsuit by not requiring that I (or the entity on whose behalf I an acting) be served with judicial
process in the manner provided by Rule 4.

I (or the entity on whose behalf I an acting) will retain all defenses or objections to the lawsuit
or to the jurisdiction or venue of the court except for objections based on a defect in the summons
or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am
acting) if an answer or motion under Rule 12 is not served upon you within 60 days after

3/25/08    , or within 90 days after that date if the request was sent outside the
(DATE REQUEST WAS SENT)
United States.

(DATE)
3/26/08

_____
(SIGNATURE)

Printed/Typed Name: Sherman C Emmln S

As Attorney of H. Thomas Moran
   (TITLE)        (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action had been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

::ODMA\PCDOCS\WORDPERFECT\14598\1 May 5, 1999 (11:32am)