UNITED STATES DISTRICT COURT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AXA EQUITABLE LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>H. THOMAS MORAN, II, Court-Appointed Receiver of LYDIA CAPITAL, LLC and GEORGE WILLIAMSON as Trustee of RW AXA, LLC,<br><br>Defendants. | Case No. 08-CV-498-H (LSP)<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER** |

PURSUANT TO THE STIPULATION OF THE PARTIES, the Court hereby enters the following Stipulated Protective Order (the "Stipulation"):

1. As used herein, the term "Confidential Material" shall mean documents that a Party (the "Producing Party") in good faith deems to be confidential pursuant to the terms of this Stipulation, except that such documents and information that are publicly available shall not be deemed Confidential Material.

2. The Producing Party shall designate in good faith particular documents Confidential Material by labeling such documents "Confidential

Material." If the non-producing Party (the "Receiving Party") objects to the designation of particular documents as Confidential Material, the Receiving Party shall state such objection in writing to the Producing Party, and the Parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then the Producing Party shall, within ten (10) days of receiving an objection, move the Court for an order approving such designation.

3. The recipient of documents designated as Confidential Material shall not use such documents for any purpose other than for the preparation or presentation of the Receiving Party's case in this action or other litigation between the Parties, except as set forth below.

4. Counsel for the Receiving Party shall not disclose any document marked Confidential Material, except to the following persons:

(a) To a Party, or an employee of a Party, or a deponent, to the extent necessary to the preparation or presentation of the Receiving Party's case in this action or other litigation between the Parties.

(b) To an expert or experts who has or have been retained or specially employed by the attorneys in this action; or

(c) To the Court.

5. The Parties recognize that a Receiving Party is not prohibited from using any document marked Confidential Material in the investigation of such Party's case or defense, provided that, such Party does not show or quote a document so designated to any person other than as described in paragraph 4, subject to any exceptions set forth in paragraph 6 below. Deposition testimony concerning any document designated Confidential Material, which testimony reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall, at the request of the Producing Party to the Court reporter, be separately bound with a cover page prominently marked Confidential Material. Such portion of the

1  transcript shall be deemed to be Confidential Material within the meaning of this
2  Stipulation.
3       6.     Before disclosing documents labeled Confidential Material, or the
4  contents thereof, to any person falling within the categories set forth in paragraphs
5  4(a), 4(b), and 4(c) above who are not employed by or affiliated with the
6  Producing Party, counsel shall explain to each such person that the documents are
7  confidential and are subject to a this Stipulation.  Before disclosing any
8  Confidential Material, or the contents thereof, to any such person, counsel for the
9  Party indenting to make such disclosure shall advise the intended recipient of the
10 provisions of this Stipulation and provide the intended recipient with a copy of this
11 Stipulation.  In addition, the intended recipient shall sign a written certification in
12 the following form:

> I hereby acknowledge that I, [name], [position of employment], am about to receive confidential information supplied in connection with the litigation entitled AXA Equitable Life Insurance Company v. H. Thomas Moran, II, Court-Appointed Receiver of Lydia Capital, et al., Case No. 08-CV-0569.  I understand that such information is to be provided pursuant to the terms and restrictions of the Protective Order attached hereto (as the "Stipulation").  I have been given a copy of the Stipulation and I have read the Stipulation.  I understand that Confidential Material as defined in the Stipulation, or any notes or other records that may be disclosed to me or made by me regarding any such materials, must not be disclosed to any persons except as permitted by the Stipulation.  I agree to be bound by the terms of the Stipulation.

21       7.     No copies of any documents labeled as Confidential Material, shall be
22 made except to the extent necessary for the preparation of the Receiving Party's
23 case in this action or other litigation between the Parties, including, but not limited
24 to, preparation for trial and for any and all appeals involving this action or other
25 litigation between the Parties, and, if the duplicating process by which copies of
26 documents labeled as Confidential Material are made does not reproduce the
27 Confidential Material stamp appearing on the original, all copies shall be stamped
28 with a Confidential Material designation.

8. This Stipulation shall not be deemed a waiver of:

    (a) Any Party's right to object to any discovery request for any reason;

    (b) Any Party's right to seek an order compelling discovery with respect to any discovery request; and

    (c) Any Party's right at any hearing to object to the admission of any evidence for any reason.

9. The provisions of this Stipulation shall continue in effect with respect to any Confidential Material unless expressly released by the Producing Party, and such effectiveness shall survive the use of any such Confidential Material in any court proceeding and the entry of any final judgment, dismissal or settlement herein. The Court shall retain jurisdiction to enforce or modify this Stipulation.

10. Counsel shall attempt to agree upon procedures to protect the confidentiality of information designated as Confidential Material at any hearing or trial. Prior to such hearing or trial, counsel shall submit proposed procedures, including any disputes relating thereto, to the Court for its approval or modification.

11. This Stipulation is agreed upon without prejudice to the right of any Party to waive the applicability of this Stipulation to any Confidential Material produced by that Party.

12. The failure to designate a document as Confidential Material does not constitute a waiver of such claim, and the Producing Party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Stipulation only on and after the date of the Receiving Party learning of such designation.

13. If information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to any Party is nevertheless inadvertently produced to such Party(ies),

such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the Producing Party would otherwise be entitled (collectively, a "privilege").  If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of the Receiving Party, the Receiving Party shall promptly return to the Producing Party that material (or the portion thereof) as to which the claim of inadvertent production has been made, including any copies that are not destroyed, and the Receiving Party shall not use such information for any purpose until the Court issues an order concerning the Producing Party's claim that the documents were inadvertently produced.  The Party returning such material may subsequently move the Court for an order compelling production of the material, but any such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production, unless the moving Party asserts that there was no valid basis for withholding production of the documents.

14.    In the event that any person or Party bound by this Stipulation is served with a subpoena or is otherwise ordered by any other court and/or administrative agency to produce Confidential Material obtained under the terms of this Stipulation, such persons or Parties shall promptly notify counsel for the Producing Party by electronic mail and facsimile of the pendency of such subpoena or other order to produce on or no later than ten (10) days before the return date of the subpoena or other order to produce.

15.    Any Party may apply at any time to the Court to enforce this Stipulation; for relief from, modification of or exception to this Stipulation; or for such other relief as may be appropriate with respect to this Stipulation.

///

///

///

16.     This Stipulation has no effect upon, and shall not apply to, a Party's use or disclosure of its own Confidential Material for any purpose. The Court may modify or dissolve this protective order under the law.

**IT IS SO ORDERED.**

Dated: May 8, 2008

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT